Bosworth, J.
When Megrath v. Vanwyck arose and was decided, the Code, as it then was, did not require that the offer should, by its terms, authorize a judgment to be entered “ with costs.” (Session laws of 1849, p. 690, § 385.)
By the act of July 10,1851, § 385 of the Code was altered, and enacted in its present form. The offer which that section authorizes as it now stands, must, by its terms, allow the judgment to be taken “ with costs.”
When no offer has been made, a plaintiff recovering fifty dollars in such an action as this, recovers costs of the action as a matter of course (§ 304, sub. 4).
To deprive a plaintiff of that right, a defendant must make an offer authorized by § 385. It is only under that section that an offer can be made. If one is made which is not authorized by it, it is wholly nugatory, and may be treated as a nullity. A plaintiff cannot be affected by the service of it, when he has taken no notice of it.
We understand the amendment in this respect, made by the act of 1851, to be material. If a defendant, under that section as it now reads, wishes to make an offer, which a plaintiff must accept at the peril of paying the subsequent costs, unless he recovers a more favorable judgment than the one offered, he must, by the terms of the offer served, allow judgment to be taken with costs. It is of no consequence what the nature of the action may be, whether it be one in which, after trial, costs are in the discretion of the court, or whether it be one in which a recovery of $50 would cariy costs. Hor is it of any consequence that the judgment offered is less than $50. Ho matter for what sum, or to what effect, the defendant may offer to allow judgment to be taken, the offer must expressly state that it may be taken with costs, or it will be a nullity.
Under this view of the Code, the adjustment was correct, and must be confirmed.